JULIA LONGMUIR, RESPONDENT, v. THOMAS E. ASHBEY, APPELLANT.

Submitted February 16, 1934—Decided May 4, 1934.

For the appellant, *John A. Delaney* (*Henry K. Golenbock*, of counsel).

For the respondent, *James P. Mylod*.

The opinion of the court was delivered by

LLOYD, J. The plaintiff below recovered a judgment for damages in an action for breach of promise to marry and seduction under promise of marriage. The defendant appeals and assigns for error that the court below erred in denying the defendant's motions for nonsuit and for direction of a verdict in his favor.

The grounds of these motions were that from the testimony it appeared that the plaintiff had given birth to an illegitimate child; that she was consequently unchaste, and that the defendant was absolved from his obligation to carry out his promise to marry; also that the promise to marry had as its consideration the illicit intercourse which took place between the parties and was therefore illegal.

While there is not an abundance of authority in this state on the first question, it is said in the case of *Budd* v. *Crea*, 6 *N. J. L.* 370, 373, that "a promise of marriage is a valid and an obligatory contract. But if a man, ignorant of the real character of a woman, enters into an engagement of this nature, and afterwards discovers her to be lewd and unchaste, it is a sufficient justification for him to refuse a compliance with it." And in 9 *C. J.* 363, it is said, citing a single case in Kentucky, that "a showing that plaintiff gave birth to an illegitimate child is sufficient to warrant a finding that she was unchaste."

Whether the law goes so far it is unnecessary to determine in this case. It appeared from her testimony that the respondent, while under sixteen years of age and unmarried, had intercourse with a man whose name is not disclosed, and the result was the birth of a girl child. It also appeared, however, that she was the victim of a felonious assault to which she in nowise consented, and that the perpetrator of the assault was later convicted of the offense. This would not establish a lack of chastity in the woman. There is nothing in the case to indicate that she led any other than a correct life from the time of that occurrence up to the time when she met the present appellant who seems to have had intercourse with her a few days before the date set for their marriage, but of this he could not complain.

Illegality in the contract was contended in the second ground for nonsuit is not apparent in the evidence. Just when the engagement took place is not clear, but it was sometime before the intercourse, which is claimed by the appellant to have been the consideration for the promise to marry, and therefore the jury was justified in finding that the engagement was free from meretricious inducement.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, LLOYD, CASE, BODINE, DONGES, HETFIELD, DEAR, DILL, JJ. 10.

*For reversal*—PARKER, HEHER, PERSKIE, VAN BUSKIRK, KAYS, WELLS, JJ. 6.